No. 89-348

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

FEDERAL SAVINGS AND LOAN INSURANCE
CORPORATION, as Receiver for the Montana
Federal Savings Bank, f/k/a Montana Savings
and Loan Association,

        Plaintiff and Respondent,

-vs-

DARWIN HAMILTON, MARY HAMILTON, et al.,

        Defendants and Appellants.

APPEAL FROM: District Court of the Eleventh Judicial District,
In and for the County of Flathead,
The Honorable Michael Keedy, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Patrick M. Springer, Kalispell, Montana

    For Respondent:

        Debra D. Parker; Murphy, Robinson, Heckathorn & Phillips,
Kalispell, Montana

Submitted on Briefs: Dec. 14, 1989

Decided: February 15, 1990

Filed:

Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

This appeal arises from an order by the District Court, Eleventh Judicial District, Flathead County, Montana, granting summary judgment in favor of plaintiff. Defendant appeals. We affirm.

The issues presented for our review are:

1. Did the Hamiltons present a timely appeal of the amended summary judgment?

2. Whether this case should be remanded for a determination of the adequacy of the sales price of land sold at a sheriff's sale.

Mr. and Mrs. Darwin Hamilton purchased property near Kalispell, Montana, in 1982, for development as a mobile home subdivision. The Hamiltons entered an agreement with the owners of the land, Mr. and Mrs. Long, to purchase the property for $250,000. The Longs took a mortgage on the land at this time.

That same year Mr. Hamilton borrowed $175,000 from Montana Savings and Loan Association for development costs. To secure this loan he executed a promissory note on March 16, 1982, and the Association also took a mortgage on the land. This promissory note stated that the note would come due on May 16, 1985. A year later, Mr. Hamilton borrowed an additional $44,000 from Montana Savings and Loan Association,

2

which was used to purchase an additional seven acres adjoining the original property. He executed a promissory note for this amount, due May 16, 1985. At the same time he executed a deed of trust to the Association, naming it as beneficiary. On July 29, 1983, Mr. Hamilton executed a mortgage modification agreement and a promissory note for the additional amount of $144,000. Under this agreement, all three obligations were consolidated into an indebtedness in the amount of $359,000, secured by the mortgage. This agreement stated a due date of August 1, 1984, with a possible twelve month extension under certain conditions. The Hamiltons gave personal guarantees of each promissory note. The mortgage modification also contained an agreement whereby the Longs subordinated their interest in the property to the Association.

Mr. Hamilton began subdividing the property into mobile home lots, calling the subdivision "Green Tree Meadows." Seventeen of these lots were sold to individual parties; however, the development of the subdivision was not completed by the end of 1985, and the Hamiltons had not satisfied their obligations with the Bank.

Montana Savings and Loan Association became Montana Federal Savings Bank. On August 14, 1985, the Federal Savings and Loan Insurance Corporation (FSLIC) was appointed receiver for Montana Federal Savings Bank. On August 16,

1985, the receiver closed the Savings Bank and began liquidating the assets. On August 28, 1986 FSLIC filed a complaint to foreclose against Darwin and Mary Hamilton, alleging that they were in default under the terms of the three promissory notes, the Mortgage, the Deed of Trust, and the Mortgage Modification Agreement. The complaint stated a total amount owing, including principal and interest through June 30, 1986, of $429,557. The Hamiltons did not dispute that they were in default under the terms of the notes.

FSLIC moved for summary judgment on the issue of default, and moved for a deficiency judgment. On March 21, 1989, in an amended order granting summary judgment, the court awarded FSLIC a decree of foreclosure, and a judgment against Darwin and Mary Hamilton, jointly and severally, in the amount of $564,600 (which sum included interest through February 15, 1989). The order also stated:

> In the event the proceeds of the sale are insufficient to pay the amounts due the Plaintiff, together with interest, costs and attorneys' fees, the Plaintiff shall have a deficiency judgment against the Defendants Darwin Hamilton and Mary Hamilton, jointly and severally, and shall have execution thereon.

On April 24, 1989, the sheriff of Flathead County held a public sale of the property. FSLIC, the only bidder at the sale, purchased the property for $475,000. On May 16, 1989, a deficiency judgment was granted to FSLIC against the

4

Hamiltons in the amount of $99,306. Notice of entry of deficiency judgment was filed on May 19, 1989. The Hamiltons filed this appeal on June 16, 1989.

I

Did the Hamiltons present a timely appeal of the amended summary judgment?

This case involves two final orders. The amended summary judgment was a final order, notice of which was entered March 24, 1989. This order granted FSLIC a deficiency judgment. The entry of a deficiency judgment in the amount of $99,306, was also a final order, notice of which was entered May 19, 1989.

On appeal, Hamiltons contest both the propriety of the deficiency judgment and the amount of the deficiency judgment. The amount of the judgment will be discussed in Issue II.

In contesting the propriety of the deficiency judgment, the Hamiltons are appealing the validity of the amended summary judgment. Pursuant to Rule 5, M.R.App.P., the Hamiltons had thirty days from the date of entry of judgment, which was March 24, 1989, in which to appeal this order. This appeal was filed June 16, 1989. We hold that the appeal of this issue was not timely and will not be discussed.

5

## II

Whether this case should be remanded for a determination of the adequacy of the sales price of land sold at a sheriff's sale.

After the sheriff's sale, FSLIC filed a "Notice of Partial Satisfaction and Motion for Entry of Deficiency Judgment," requesting that the court grant FSLIC a deficiency judgment against defendants in the amount of $99,306.

On May 16, 1989 the court granted this motion, stating:

> On motion of the Plaintiff, deficiency judgment is hereby granted against the defendants, Darwin Hamilton and Mary Hamilton jointly and severally in the amount of $99,306.00.

In this issue we discuss only the above-mentioned order, which entered the amount of the deficiency judgment. The Hamiltons object to the amount of this judgment, by urging that the sale price of $475,000, obtained at the sheriff's sale, was grossly inadequate. They urge that the fair market value of this property upon the completion and sale of each lot, is approximately $1 million. They base this on the fact that 17 of 81 lots have been sold at prices ranging from $11,000 to $13,000. The Hamiltons urge that the present case be remanded to District Court for a determination of the fair market value of the property at the time of sale, relying on the recent case of Trustees of Wash.-Idaho-Mont. Carpenters Employers Retirement Trust Fund v. Galleria Partnership

(Mont. 1989), 780 P.2d 608, 46 St.Rep. 1661. In *Galleria Partnership* a piece of real property was bid in at the sheriff's sale for approximately 30% of its original appraised value. Although the issue of the adequacy of the sale price had not been raised in the lower court, we remanded to District Court for a determination of fair market value. We remanded "in the exercise of our equity jurisdiction." *Galleria Partnership*, 780 P.2d at 617.

In the present case, however, the Hamiltons' request must fail. First, as FSLIC correctly notes, the Hamiltons did not petition the District Court in regard to the adequacy of the sales price. We acknowledge that an issue not presented to the District Court will not be addressed on appeal. Wyman v. DuBray Land Realty (Mont. 1988), 752 P.2d 196, 200, 45 St.Rep. 621, 625. In view of *Galleria Partnership* we will consider this matter in order that litigation will be terminated.

Although several states have statutes requiring that the amount realized at a sheriff's sale must reflect the fair market value of the property, Montana statutes have no such requirement. See *Galleria Partnership*, 780 P.2d at 616-17. Further, in the present case defendants failed to submit any relevant evidence of fair market value on the date of sale. There is a total absence of facts demonstrating that $475,000 was not a fair price. We note that the face amount of the

original obligation was $359,000. The purchase price bid by the receiver in the amount of $475,000 substantially exceeded that of the original obligation, even though it was less than the total judgment of $564,000. We conclude that the Hamiltons have failed to present any evidence requiring an exercise of our equity jurisdiction.

We conclude that Galleria Partnership is distinguishable from the present case. We affirm the District Court's granting of the deficiency judgment.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

8